IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

SHARON BIONE,

Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES LTD.,
ROGER ALBERT VOYAGES,
XYZ CORPORATION(S) (provider of the shore
excursion called "Beach and Turtle"),

Defendants.
_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff sues Defendants and alleges:

**PRELIMINARY ALLEGATIONS**

1. Plaintiff, SHARON BIONE, is a citizen of the United States and a resident of the state of Pennsylvania.

2. Defendant, ROYAL CARIBBEAN CRUISE LTD. ("RCCL"), is a Liberian corporation with its principal place of business in Miami-Dade County, Florida.

3. Defendant, ROGER ALBERT VOYAGES, (provider of the shore excursion called "Beach and Turtle"), is a foreign corporation with its principal place of business in Fort De France, Martinique.

4. Defendant, XYZ CORPORATION(S) (provider of the shore excursion called "Beach and Turtle"), is included to represent the owner(s) and or operator(s) of the subject excursion, insofar as such entity has a different name than the named defendants herein. XYZ CORPORATION(S)

is (are) also used in a plural form. In the event that discovery reveals that additional entities, other than the named Defendants herein, contributed to the ownership, operation, and/or management of the subject excursion, the legal names of the entities will be substituted for XYZ CORPORATION(S).

5. This matter in controversy exceeds the sum or value of $75,000 specified by 28 U.S.C. § 1332, exclusive of interest and costs. In the event diversity jurisdiction does not apply, then this matter is brought under the admiralty and maritime jurisdiction of this Court.

6. At all times material hereto, all Defendants, personally or through an agent:

a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

b. Were engaged in substantial activity within this state;

c. Operated vessels in the waters of this state;

d. Committed one or more of the acts stated in Florida Statutes, §§ 48.081, 48.181 and/or 48.193;

e. The acts of Defendants set out in this Complaint occurred in whole or in part in this county and/or state;

f. The Defendant, RCCL, was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, *Adventure of the Seas*.

7. Defendants are subject to the jurisdiction of the Courts of this State.

8. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

9. At all times material hereto, RCCL owned, operated, managed, maintained and/or controlled the vessel, *Adventure of the Seas*.

10. At all times material hereto, Defendant, XYZ CORPORATION(S) ("Excursion Entity") owned and/or operated the subject excursion, "Beach and Turtle" which was offered, arranged for, sponsored, recommended, marketed, sold, co-operated and/or managed by RCCL.

11. The Excursion Entity is believed to have entered into a contract with RCCL for the protection of RCCL's passengers, whereby the Excursion Entity agreed to subject themselves to the laws and jurisdiction of the State of Florida, consented to personal jurisdiction over themselves, and consented to the venue of the United States District Court for the Southern District of Florida. The Excursion Entity is believed to have also agreed to indemnify RCCL for the claims made in this Complaint within the meaning of Florida Statute § 48.193(d). Furthermore, the Excursion Entity is subject to the jurisdiction of this Court because they sell shore excursion tickets through RCCL's website which is administered in Florida.

**FACTS COMMON TO ALL COUNTS**

12. On or about April 13, 2016, Plaintiff was a paying passenger aboard the *Adventure of the Seas*, which was in navigable waters.

13. At all times material hereto, excursions from the *Adventure of the Seas* were advertised to passengers and the Plaintiff on RCCL's website and in RCCL's promotional material, including, but not limited to, brochures, and in cabin television commercials which contained RCCL's logo.

14. At all times material hereto, RCCL offered passengers aboard the *Adventure of the Seas* and the Plaintiff the opportunity to go on various shore excursions during the subject cruise, including, but not limited to, the subject excursion, Beach and Turtle.

15. At all times material hereto, RCCL had a shore excursion desk aboard the *Adventure of the Seas* for the purpose of, *inter alia*, providing RCCL passengers recommendations regarding shore excursions and charging RCCL passengers for shore excursions.

16. At all times material hereto, RCCL sold tickets for the Beach and Turtle to passengers aboard the *Adventure of the Seas,* including the Plaintiff, during the subject cruise.

17. At all times material hereto, RCCL did not provide any information to Plaintiff with respect to the name, address, owner and/or operator of the Beach and Turtle.

18. On or about April 13, 2016, as part of Plaintiff's cruise aboard the *Adventure of the Seas*, Plaintiff participated in the Beach and Turtle in Fort De France, Martinique. This excursion was arranged for, sponsored, recommended, operated, marketed, and/or sold by RCCL as part of the voyage on the subject cruise.

19. Plaintiff is a 64-year-old lady of obvious limited physical prowess.

20. The Beach and Turtle consisted of a sightseeing cruise along the coast of Martinique aboard a catamaran.

21. On the morning of April 13, 2016, prior to participating in the subject excursion, the Plaintiff, as well as the other excursion participants, were met by an RCCL crewmember upon disembarking the *Adventure of the Seas.* The RCCL crewmember led the group of excursion participants down the dock to where the catamaran was located. The catamaran was in close proximity to the *Adventure of the Seas.* The RCCL crewmember directed the group of excursion participants, including the Plaintiff, to enter onto the catamaran from the rear.

22. There was no ramp and/or stairs connecting the dock and the rear of the catamaran. There was an approximately two-foot gap between the rear of the catamaran and the dock where Plaintiff was expected to board the excursion vessel. As the Plaintiff was attempting to board the catamaran,

two excursion employees, who were stationed at the rear of the vessel, simultaneously and without warning, grabbed her by her wrists and attempted to pull the Plaintiff onto the excursion vessel. As a result of the excursion employees' actions, the Plaintiff was left dangling in between the catamaran and dock, being held by her wrists. And as a result thereof, Plaintiff suffered severe and permanent personal injuries.

23. At all times material hereto, the Excursion Entity was the agent(s) and/or apparent agent(s) of RCCL by virtue of the following, such that RCCL is estopped from denying that RCCL was the agent for the Excursion Entity:

a. RCCL made all arrangements for the subject excursion without disclosing to Plaintiff that the subject excursion was being run by another entity (and/or entities); and/or

b. RCCL marketed the subject excursion using its company logo on its website and/or in its brochures and/or on its ship without disclosing to Plaintiff that the subject excursion was being run by another entity (and/or entities); and/or

c. RCCL's web page advertising the Beach and Turtle makes numerous references to RCCL and none to the shore excursion entity; and/or

d. RCCL's web page advertising the Beach and Turtle refers to the excursion as a "Royal Caribbean International Shore Excursion"; and/or

e. RCCL maintained an excursion desk on its ship whereby it offered, sold, provided information to, and answered questions of passengers about the subject excursion without disclosing to the Plaintiff that the subject excursion was being run by another entity (and/or entities); and/or

f. RCCL recommended its passengers to not engage in excursions, tours and/or activities that are not sold through RCCL; and/or

g. Until the point that Plaintiff actually participated in the subject excursion, the Plaintiff's exclusive contact concerning the subject excursion was with RCCL and/or RCCL's onboard excursion desk; and/or

h. The fee for the subject excursion was charged to the Plaintiff, and collected from the Plaintiff, exclusively by RCCL; and/or

i. Plaintiff received a receipt exclusively from RCCL for the purchase of the subject excursion.

24. At all times material hereto, Plaintiff relied on the above, to their detriment, so as to believe that the Excursion Entity was the employee(s) and/or agent(s) of RCCL, in choosing the subject shore excursion. At no time did RCCL represent to Plaintiff in particular, or the ship's passengers in general, in a meaningful way that the Excursion Entity was not the agent(s) and/or employee(s) of RCCL.

25. At all times material hereto, RCCL was the owner or co-owner of the subject excursion. At all times material hereto, RCCL was responsible for, and liable for, the actions of the Excursion Entity with respect to the subject excursion.

26. In the alternative, at all times material hereto, a partnership and/or joint venture existed between the Excursion Entity by virtue of the following, whereby RCCL and the Excursion Entity are jointly and severally responsible for the negligence of each other as partners of the partnership and/or joint venture:

a. RCCL and the Excursion Entity entered into an agreement whereby: RCCL made all arrangements for the Plaintiff, on behalf of the partnership with the Excursion Entity, for the subject excursion being run by the Excursion Entity; and/or

b. RCCL marketed on RCCL's website and/or in its brochures and/or on its ship, on behalf of the partnership with the Excursion Entity, the subject excursion being run by the Excursion Entity; and/or

c. RCCL maintained an excursion desk on its ship whereby it offered, sold, provided information to, and answered questions of passengers, on behalf of the partnership with the Excursion Entity, about the subject excursion being run by the Excursion Entity; and/or

d. The Excursion Entity provided the subject excursion boat to be used in the subject excursion; and/or

e. RCCL determined the amount of money charged for the subject excursion being run by the Excursion Entity; and/or

f. RCCL collected the amount of money charged for the subject excursion being run by the Excursion Entity; and/or

g. RCCL paid the Excursion Entity a portion of the sales of tickets for the subject excursion after the subject excursion tickets were sold; and/or

h. RCCL shared profits and losses with the Excursion Entity for the subject excursion.

27. At all times material hereto, RCCL was an agent for the Excursion Entity in the United States.

28. At all times material hereto, RCCL was a partner in the subject excursion.

29. At all times material hereto, RCCL operated and/or supervised the subject excursion.

30. At all times material hereto, the Excursion Entity owned and operated the subject excursion. The Excursion Entity was involved in providing the subject excursion to Plaintiff. At all times material hereto, the Excursion Entity was the agent(s), apparent agent(s), joint venture(s),

servant(s), and/or employee(s) of RCCL and at all times acted within the course and scope of their agency, apparent agency, joint venture, service and/or employment.

**COUNT I – NEGLIGENCE AGAINST ALL DEFENDANTS**

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-nine (29) as though alleged originally herein.

31. It was the duty of Defendants to provide Plaintiff with reasonable care under the circumstances.

32. On or about April 13, 2016, Defendants and/or its agents, servants, joint ventures and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

33. Plaintiff was injured due to the fault and/or negligence of Defendants and/or its agents, servants, joint ventures and/or employees for acts and/or omissions that include, but are not limited to, the following:

a. Failure to provide a safe excursion; and/or

b. Failure to properly supervise and oversee the excursion marketed, advertised, offered and sold to its guests; and/or

c. Failure to adequately inspect and/or routinely monitor excursion providers so as to ensure that the subject excursion was reasonably safe for cruise passengers and the Plaintiff; and/or

d. Failure to adequately inspect and/or routinely monitor the subject excursion so as to ensure that a ramp and/or stairs were being placed between the excursion vessel and the dock so that participants can safely embark and disembark the subject catamaran; and/or

e. Failure to adequately inspect and/or routinely monitor excursion providers so as to ensure that the subject excursion was promulgating reasonably safe policies and procedures in regards to passengers embarking and disembarking the subject excursion vessel; and/or

f. Failure to adequately ascertain the shore excursion operator's ability and/or commitment to actively monitor passengers during the subject shore excursion; and/or

g. Failure to adequately warn the Plaintiff of the danger posed by embarking the subject catamaran without a ramp and/or stairs; and/or

h. Failure to provide Plaintiff and other excursion passengers a safe method to embark the catamaran; and/or

i. Failure to require that the Excursion Entity adequately warn the Plaintiff of the danger posed by embarking the subject catamaran without a ramp and/or stairs; and/or

j. Failure to require the shore excursion operator to actively monitor passengers and Plaintiff during the subject excursion; and/or

k. Failure to promulgate, enforce and/or comply with adequate policies and procedures to ensure that participants of the subject shore excursion are warned about the danger posed by embarking the subject catamaran without a ramp and/or stairs; and/or

l. Failure to require that the Excursion Entity promulgate, enforce and/or comply with policies and procedures to ensure that participants of the subject shore excursion are warned about the danger posed by embarking the subject catamaran without a ramp and/or stairs; and/or

m. Failure to promulgate, enforce and/or comply with adequate policies and procedures to ensure that excursion participants are safely embarking and disembarking the subject excursion vessel; and/or

n. Failure to require that the Excursion Entity promulgate, enforce and/or comply with policies and procedures to ensure that excursion participants are safely embarking and disembarking the subject excursion vessel; and/or

o. Failure to promulgate, enforce and/or comply with rules, regulations, policies and practices concerning the safety of individuals participating in the subject excursion; and/or

p. Failure to require that the Excursion Entity promulgate, enforce and/or comply with rules, regulations, policies and practices concerning the safety of individuals participating in the subject excursion; and/or

q. Failure to adequately warn Plaintiff of the dangers of participating in the subject excursion; and/or

r. Failure to advise the Plaintiff and other cruise ship passengers that RCCL does not inspect and/or enforce the policies and/or procedures utilized by the subject shore excursion; and/or

s. Failure to advise the Plaintiff and other cruise ship passengers that RCCL does not provide training, safety advice, and/or equipment to the subject shore excursion; and/or

t. Failure to ensure that properly trained and supervised persons operated the subject excursion; and/or

u. Failure to train crewmembers regarding how to properly and/or safely assist excursion participants as they embark and/or disembark the subject excursion vessel; and/or

v. Failure to warn the Plaintiff that she was going to be grabbed by the wrists and pulled onto the subject excursion vessel without warning; and/or

w. Having a shore excursion that was not competently operated; and/or

x. Failure to provide an excursion with properly trained operators and personnel; and/or

y. Failure to adequately inspect and review the subject shore excursion prior to offering this tour to passengers; and/or

z. Failure to adequately inspect and review the subject shore excursion after entering into contract with the subject excursion entity; and/or

aa. Failure to retain an adequate tour operator with knowledge regarding the reasonably safe embarkation and disembarkation of excursion participants.

All of which caused the Plaintiff to suffer severe injuries while participating in the subject shore excursion.

34. At all times material hereto, RCCL had exclusive custody and control of the vessel, *Adventure of the Seas*.

35. At all times material hereto, Defendants negligently failed to determine the hazards that the excursion posed to Plaintiff, failed to eliminate the hazard, failed to modify the hazard and failed to properly warn Plaintiff of the hazard. In addition, Defendants violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual. All of the above caused the Plaintiff to be injured.

36. Defendants knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. Prior to offering the Beach and Turtle, RCCL inspected the excursion and was aware of the dangers associated with the excursion entity's unsafe and improper policies and procedures regarding the embarkation and disembarkation of passengers participating in the excursion catamaran.

37. As a direct and proximate result of the negligence of Defendants, the Plaintiff was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost earnings and lost earning capacity both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of her vacation, cruise, and transportation costs.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law and demand trial by jury.

## COUNT II – APPARENT AGENCY OR AGENCY BY ESTOPPEL CLAIM AGAINST RCCL

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-nine (29) as though alleged originally herein.

40. At all times material hereto, the Excursion Entity was the apparent agent(s) of RCCL.

41. At all times material hereto, RCCL is estopped to deny that the Excursion Entity was their agent(s) or employee(s).

42. At all times material hereto, RCCL made manifestations which caused Plaintiff to believe that the Excursion Entity had authority to act for the benefit of RCCL. These manifestations included:

a. RCCL allowed its name to be utilized in connection with the advertising of the Excursion Entity; and/or

b. RCCL allowed its name and logo to be used by the excursion company while at the pier; and/or

c. RCCL made all arrangements for the subject excursion before Plaintiff ever boarded the ship or received their excursion tickets and never effectively disclosed to Plaintiff that the subject excursion was being run by another entity (and/or entities); and/or

d. RCCL marketed the subject excursion using its company logo and name on its website and/or in its brochures and/or on its ship without effectively disclosing to Plaintiff that the subject excursion was being run by another entity (and/or entities); and/or

e. RCCL maintained an excursion desk on its ship whereby it offered, sold, provided information to, and answered questions of passengers about the subject excursion without effectively disclosing to Plaintiff that the subject excursion was being run by another entity (and/or entities); and/or

f. Until the point that Plaintiff actually participated in the subject excursion, the Plaintiff's exclusive contact concerning the subject excursion was with RCCL; and/or

g. RCCL recommended Plaintiff to not engage in excursions, tours or activities that were not sold through RCCL as RCCL has no familiarity with other tours or their operations; and/or

h. Plaintiff received a receipt exclusively from RCCL for the purchase of the subject excursion; and/or

i. The fee for the excursion was charged to the Plaintiff, and collected from the Plaintiff, exclusively by RCCL.

43. Plaintiff reasonably relied on the above, to their detriment, so as to believe that the Excursion Entity was the employee(s) and/or agent(s) of RCCL in choosing the subject excursion.

44. It was reasonable to believe that the Excursion Entity was RCCL's employee(s) and/or agent(s) because the Plaintiff booked, paid for and made all necessary arrangements for the subject shore excursion with RCCL. RCCL's actions caused Plaintiff to believe that the Excursion Entity

had authority to act on RCCL's behalf. At no time did the Excursion Entity represent to the Plaintiff in particular or the ship's passengers in a meaningful way that the Excursion Entity was not an agent or employee of RCCL.

45. Plaintiff's reasonable reliance was detrimental because she would not have booked, paid for and/or participated in the subject shore excursion or incurred any injuries had the Plaintiff known the subject shore excursion was not operated by RCCL.

46. The foregoing acts of negligence of RCCL and/or the Excursion Entity was a direct and proximate cause of the Plaintiff's injuries and damages.

47. As a direct and proximate result of the negligence of the Excursion Entity, the Plaintiff was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries, suffered physical handicap, lost earnings and lost earning capacity both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of her vacation, cruise, and transportation costs.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law and demand trial by jury.

## COUNT III – JOINT VENTURE BETWEEN RCCL AND THE EXCURSION ENTITY

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-nine (29) as though alleged originally herein.

48. At all times material hereto, RCCL and the Excursion Entity engaged in a joint venture to provide excursions to passengers aboard RCCL's ship(s).

49. At all times material hereto, RCCL and the Excursion Entity entered into an agreement where RCCL would sell the subject shore excursion to its passengers and the Excursion Entity would operate the subject shore excursion.

50. As its part of the joint venture, RCCL arranged for, sponsored, recommended, marketed, operated, marketed, sold and/or collected money for the subject excursion and the money was then shared between RCCL and the Excursion Entity. As its part of the joint venture, the Excursion Entity provided labor and/or operated the subject excursion.

51. RCCL, on behalf of the joint venture, charged a fee to passengers who utilized the excursions. The fee was split between RCCL and the Excursion Entity.

52. At all times material hereto, RCCL and the Excursion Entity had joint and/or shared control over aspects of the joint venture. The Excursion Entity had control over the day-to-day workings of the excursions. RCCL also had control over the day-to-day workings of the excursions in that they required the Excursion Entity to exercise reasonable care in the operation of the subject excursion. RCCL had control over the arrangements, marketing and sales of the excursion and the authority to force the Excursion Entity to provide refunds.

53. At all times material hereto, RCCL and the Excursion Entity shared a common purpose: to operate the subject shore excursion for a profit.

54. At all times material hereto, RCCL and the Excursion Entity had a joint proprietary and/or ownership interest in the subject shore excursion. RCCL had an interest in arranging, sponsoring, recommending, advertising, operating, and selling the subject shore excursion as well as collecting money for such excursion, and the Excursion Entity had a proprietary interest in the time and labor expended in operating the subject shore excursion.

55. At all times material hereto, RCCL and the Excursion Entity shared any losses sustained from the joint venture.

56. RCCL and the Excursion Entity are jointly and severally responsible for each other's negligence as partners of the partnership and/or joint venture.

57. At all times material hereto, RCCL and the Excursion Entity therefore:

a. Had an intention to create a joint venture;

b. Had a joint proprietary interest in the subject matter of the venture;

c. Had mutual control and/or joint control over the subject matter of the venture with respect to the provision of excursions to passengers aboard the ship;

d. Had a right to share in the profits of the joint venture; and

e. Would share losses which may have been sustained.

58. As a joint venture, RCCL and the Excursion Entity are liable for each other's negligence. As a result, RCCL is liable for the negligent conduct of the Excursion Entity.

59. As a direct and proximate result of the negligence of the Excursion Entity, the Plaintiff was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries, suffered physical handicap, lost earnings and lost earning capacity both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of her vacation, cruise, and transportation costs.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law and demand trial by jury.

**COUNT IV – THIRD PARTY BENEFICIARY**

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-nine (29) as though alleged originally herein.

60. RCCL and the Excursion Entity entered into a contract to provide excursions for passengers on board RCCL's ship(s).

61. The contract between the parties clearly manifested the intent of the contracting parties that the contract primarily and directly benefits the third-party Plaintiff by requiring the Excursion Entity to exercise reasonable care in the operation of the subject excursion and by creating a right to enforce a refund to the third-party Plaintiff in the event of their dissatisfaction for any reason.

62. The contract between the parties clearly manifested the intent of the contracting parties that the contract primarily and directly benefits the third-party Plaintiff by requiring the Excursion Entity to maintain insurance and/or exercise reasonable care in the operation of the subject excursion.

63. This contract was breached by both RCCL and the Excursion Entity for acts and/or omissions that include, but are not limited to, the following:

a. Failure to provide a safe excursion; and/or

b. Failure to properly supervise and oversee the excursion marketed, advertised, offered and sold to its guests; and/or

c. Failure to adequately inspect and/or routinely monitor excursion providers so as to ensure that the subject excursion was reasonably safe for cruise passengers and the Plaintiff; and/or

d. Failure to adequately inspect and/or routinely monitor the subject excursion so as to ensure that a ramp and/or stairs were being placed between the excursion vessel and the dock so that participants can safely embark and disembark the subject catamaran; and/or

e. Failure to adequately inspect and/or routinely monitor excursion providers so as to ensure that the subject excursion was promulgating reasonably safe policies and procedures in regards to passengers embarking and disembarking the subject excursion vessel; and/or

f. Failure to adequately ascertain the shore excursion operator's ability and/or commitment to actively monitor passengers during the subject shore excursion; and/or

g. Failure to adequately warn the Plaintiff of the danger posed by embarking the subject catamaran without a ramp and/or stairs; and/or

h. Failure to provide Plaintiff and other excursion passengers a safe method to embark the catamaran; and/or

i. Failure to require that the Excursion Entity adequately warn the Plaintiff of the danger posed by embarking the subject catamaran without a ramp and/or stairs; and/or

j. Failure to require the shore excursion operator to actively monitor passengers and Plaintiff during the subject excursion; and/or

k. Failure to promulgate, enforce and/or comply with adequate policies and procedures to ensure that participants of the subject shore excursion are warned about the danger posed by embarking the subject catamaran without a ramp and/or stairs; and/or

l. Failure to require that the Excursion Entity promulgate, enforce and/or comply with policies and procedures to ensure that participants of the subject shore excursion are warned about the danger posed by embarking the subject catamaran without a ramp and/or stairs; and/or

m. Failure to promulgate, enforce and/or comply with adequate policies and procedures to ensure that excursion participants are safely embarking and disembarking the subject excursion vessel; and/or

n. Failure to require that the Excursion Entity promulgate, enforce and/or comply with policies and procedures to ensure that excursion participants are safely embarking and disembarking the subject excursion vessel; and/or

o. Failure to promulgate, enforce and/or comply with rules, regulations, policies and practices concerning the safety of individuals participating in the subject excursion; and/or

p. Failure to require that the Excursion Entity promulgate, enforce and/or comply with rules, regulations, policies and practices concerning the safety of individuals participating in the subject excursion; and/or

q. Failure to adequately warn Plaintiff of the dangers of participating in the subject excursion; and/or

r. Failure to advise the Plaintiff and other cruise ship passengers that RCCL does not inspect and/or enforce the policies and/or procedures utilized by the subject shore excursion; and/or

s. Failure to advise the Plaintiff and other cruise ship passengers that RCCL does not provide training, safety advice, and/or equipment to the subject shore excursion; and/or

t. Failure to ensure that properly trained and supervised persons operated the subject excursion; and/or

u. Failure to train crewmembers regarding how to properly and/or safely assist excursion participants as they embark and/or disembark the subject excursion vessel; and/or

v. Failure to warn the Plaintiff that she was going to be grabbed by the wrists and pulled onto the subject excursion vessel; and/or

w. Having a shore excursion that was not competently operated; and/or

x. Failure to provide an excursion with properly trained operators and personnel; and/or

y. Failure to adequately inspect and review the subject shore excursion prior to offering this tour to passengers; and/or

z. Failure to adequately inspect and review the subject shore excursion after entering into contract with the subject excursion entity; and/or

aa. Failure to retain an adequate tour operator with knowledge regarding the safe embarkation and disembarkation of excursion participants.

All of which caused the Plaintiff to suffer severe injuries while participating in the subject shore excursion.

64. As a direct and proximate result of the negligence of the Defendants, the Plaintiff was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries, suffered physical handicap, lost earnings and lost earning capacity both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of her vacation, cruise, and transportation costs.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law and demand trial by jury.

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Counsel for Plaintiffs*
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Michael A. Winkleman*
**MICHAEL A. WINKLEMAN**

Florida Bar No. 36719
**PETER J RIDGE**
Florida Bar No. 114263

Dated: March 28, 2017.